UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Harley Marine NY, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>BRIAN MOORE,<br>CARVER MARINE STEEL WORKS,<br>LLC d/b/a CARVER COMPANIES,<br><br>                    Defendants. | CIVIL ACTION<br>CASE NO. 1:23-cv-00163-AMN-CFH |

### DECLARATION OF URGENCY BY JEFFREY A. KIMMEL IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

**JEFFREY A. KIMMEL**, an attorney duly admitted to practice law in this Court, hereby affirms under the penalty of perjury as follows:

1.  I am a partner with the law firm of Akerman LLP, attorneys for Plaintiff Harley Marine NY, Inc. ("HMNY"). As such, I am fully familiar with the facts set forth herein.

2.  I submit this emergency declaration in support of HMNY's application, made by order to show cause, pursuant to F.R.C.P. Rule 65, for a preliminary injunction and temporary restraining order enjoining, until a final disposition on the merits in this case, (i) Defendants Brian Moore ("B. Moore") and Carver Marine Steel Works, LLC d/b/a Carver Companies ("Carver") from retaining any secret, confidential, or proprietary information belonging to HMNY that is in tangible form (including computer files, removable media "thumb drives," CDs, electronic files on removal media or in any other electronic form, and hard copy documents) and instead returning all copies of such documents, materials, computer files and other data to HMNY; (ii) Defendants B. Moore and Carver from using, or disclosing HMNY's

confidential, proprietary, and trade secret information; (iii) Defendants B. Moore and Carver from modifying, deleting, altering or destroying any of HMNY's communications, files, documents, materials, or data obtained or removed from HMNY or reflecting information accessed at or obtained from HMNY, including any confidential information, and documents or other evidence reflecting the removal, use or disclosure of any confidential information including but not limited to printed documents or data in any electronic format, however stored, including any type of computer, disk, storage device or otherwise, or destroying evidence of the accessing, transfer, copying, use or disclosure of such information; (iv) Defendants B. Moore and Carver from directly or indirectly soliciting or inducing clients of HMNY that are known to B. Moore as clients of HMNY; (v) Defendant Carver from engaging or associating with Defendant B. Moore to compete with HMNY in the maritime transportation industry in the United States; and (vi) Defendant B. Moore from directly or indirectly soliciting or inducing HMNY employees to work for Defendant Carver, Defendant B. Moore, or any third party.

3. HMNY has instituted this action for (1) breach of the Confidentiality Agreement against Defendant B. Moore; (2) violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 and New Jersey Trade Secrets Act, ("NJTSA") against Defendant B. Moore and Defendant Carver; (3) violations of the New Jersey Computer Record Offenses Act against Defendant B. Moore; (4) tortious interference with economic relations under New Jersey law against Defendant B. Moore; (5) tortious interference with contractual relations under New Jersey law against Defendant Carver; (6) unfair competition under New Jersey law against Defendant B. Moore and Defendant Carver.

4. This application is immediately necessary because, as set forth more fully in the accompanying Declaration of Kelly Moore, Declaration of Matt Godden, Declaration of Steve

Miller, and Memorandum of Law after the substantial investment of time and resources HMNY made in accumulating proprietary and confidential information and retaining talented employees, B. Moore improperly induced three HMNY employees to leave HMNY for Defendant Carver and illegally downloaded HMNY's proprietary and confidential information after his employment with HMNY in flagrant violation of the Confidentiality Agreement. HMNY will suffer irreparable harm, absent a temporary restraining order, in the form of: (1) further divulgement of its proprietary and confidential information; (2) further loss of its valuable employees; (3) harm to its market standing and client relationships in an aggressively competitive environment; and (4) a signal to other HMNY employees that similar conduct will not be restrained.

5.  Accordingly, I respectfully request that the Court grant HMNY's application for a temporary restraining order and preliminary injunction against Defendants, and grant such other and further relief as this Court deems just and proper.

6.  On or about January 26, 2023, I spoke to counsel for Carver, Anthony V. Cardona ("Attorney Cardona") about HMNY's anticipated order to show cause. During this conversation, I indicated that the Company would not file a motion for a temporary restraining order if Carver agreed to not use the confidential information illegally obtained by B. Moore to compete with HMNY, to attest that all electronic and hard copies had been destroyed, and not solicit any other HMNY employees to work with B. Moore.

7.  I received a letter, dated January 30, 2023, from attorney Glen P. Doherty ("Attorney Doherty") who now represents Carver in this matter. In the letter, Attorney Doherty claimed that his client had no knowledge of B. Moore's illegal activities, despite the fact that B. Moore was employed by Carver when he downloaded HMNY's confidential information and

apparently downloaded at least some these documents at work. I called Attorney Doherty on January 31, 2023 to reiterate HMNY's position and the fact that unless Carver take immediate action to remedy the situation, HMNY would be filing the instant action and Order to Show Cause.

8. During a later discussion, Attorney Doherty claimed that Carver would interview B. Moore about HMNY's allegations and would complete a search of its computer files to determine if B. Moore had uploaded any of HMNY's confidential information onto Carver's computer systems.

9. Attorney Doherty also indicated that Carver had rescinded their employment offers to Leonard Baldassare and Dylan Galm, two of the three former employees of HMNY that B. Moore had unlawfully recruited to Carver, even though HMNY had never asked Carver to do so.

10. To aid in Carver's search for HMNY's documents, I provided Attorney Doherty with the titles of the various documents downloaded by B. Moore and specific search terms Carver could use to search for the documents.

11. While Attorney Doherty claimed that Carver searched B. Moore work computer and Carver's servers using HMNY's suggested search terms and found no hits, Carver has yet to present any evidence that they performed this search or that the documents do not otherwise reside on Carver's computers or servers.

12. On February 14, 2023, an attorney with my firm, Ana C. Dowell provided notice by email to B. Moore, and Mr. Doherty informing them that HMNY intended to present this Order to Show Cause before this Court on February 15, 2023. A true and correct copy of the email to Mr. Doherty is annexed hereto as Exhibit A.

13. No prior application for the relief sought herein has been made in this or any other court.

Dated: New York, New York
       February 15, 2023

                                                /s/ Jeffrey A. Kimmel
                                              JEFFREY A. KIMMEL