UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARLEY MARINE NY, INC.<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BRIAN MOORE,<br>CARVER COMPANIES,<br><br>　　　　　　　　　Defendants. | CIVIL ACTION<br>CASE NO.　1:23-cv-00163-AMN-CFH |

### DECLARATION OF STEVE MILLER

I, **Steve Miller**, hereby declare as follows**:**

　　1.　　I am the Information Technology ("IT") Manager for Centerline Logistics Corporation ("Centerline"), which solely owns and operates Harley Marine NY, Inc. ("HMNY" or the "Company").

　　2.　　I am over the age of 21 and fully competent to make this Declaration. I have personal knowledge of all the facts in this Declaration. The statements made in this Declaration are based on my personal knowledge.

　　3.　　I have worked Centerline for the past ten (10) years. I have worked in my current role as IT Manager for over two years.

　　4.　　In my current role as IT Manager, I am responsible for implementing and administering the Company's IT procedures and protocol with respect to document retention, its e-mail and software accounts, and access to the Company's

1

online and electronic accounts, including Document360, Microsoft Outlook, Sharepoint, and Dropbox.

5. When the Company hires a new employee, the respective hiring manager notifies the IT Department of the new hire, and whether this new employee should be granted access to any or all of the Company's electronic, software or online accounts. The level of access to these accounts depends on the specific employee's job title. As such, not all employees working for HMNY necessarily have access to the Company-associated accounts or programs.

6. When an individual's employment with the Company ends, the IT Department is responsible for terminating that individual's company accounts on the last day the individual is scheduled to work.

7. Based on my personal knowledge, Brian Moore ("B. Moore"), a former employee of HMNY, was granted access to several Company accounts and programs, including but not limited to: (1) Concur Travel; (2) Coupa; (3) OKTA; (4) Web Schedule; (5) Wheel House; (6) Document 360; and (7) Dropbox. B. Moore was also assigned the following company e-mail: [bmoore@harleymarine.com](mailto:bmoore@harleymarine.com).

8. In addition, B. Moore was also issued a laptop computer and mobile device during his employment with the Company.

9. On November 30, 2022, (the last day B. Moore reported to work), the IT Department deactivated B. Moore's company e-mail account as well as his other

accounts associated with HMNY. However, due to an oversight, B. Moore's username for the Company's Dropbox account was not deactivated until January 19, 2023.

10. To the best of my knowledge, B. Moore had returned his work laptop and mobile device prior to leaving the Company. It is my understanding that both devices were left at the Company's offices located in Bayonne, New Jersey ("Bayonne Office").

11. Shortly after B. Moore's departure from the Company, Leonard Baldassare, another employee of HMNY, asked IT for assistance because his company-issued mobile device was no longer working. Specifically, he asked if he could replace his device with B. Moore's former mobile device since it was in the Bayonne Office and in good condition.

12. I assisted Baldassare in transferring his work cell number and other stored information to B. Moore's former mobile device. Based on my conversation with the Company's cellphone carrier, Verizon Communications Inc., Baldassare's work cell number and information was transferred to B. Moore's former mobile on December 7, 2022. Therefore, as of that date, B. Moore's old passwords and/or account information were no longer stored in B. Moore's former mobile device.

13. On or about January 19, 2023, I learned from the Company's CEO, Matthew Godden, that B. Moore had accessed the Company's Dropbox account. He

3

instructed me to terminate his access, which I did. Thereafter, I also reviewed the Dropbox Activity Log retrieved by Godden, a copy of which is attached as Exhibit 3 to his Declaration.

14. The Dropbox Activity Log is accessible only to "administrators," which includes Company's IT Department as well as the CEO, Matthew Godden. This activity log contains various fields of data including, but not limited to:

(i) date of member/employee access (month/day/year);

(ii) the name of the member (or employee) who accessed the account;

(iii) the member's (or employee's) e-mail used to log-in;

(iv) the "event type" which shows the member's/employee's <u>activity</u> while logged-in (e.g. renaming a file, editing a file, or downloading a file);

(v) the "access method" demonstrating the type of device used to access Dropbox (laptop vs. mobile);

(vi) the country and city in which the member/employee logged in to the account;

(vii) "participants" showing other users who were may have either been granted access or removed from access to certain files; and

(viii) "assets" showing the filename extension of the document or file that was accessed, downloaded, shared, etc.

15. According to the information in the Dropbox Activity Log, B. Moore

logged in the Company's Dropbox account on three different dates.

16. On December 18, 2022, B. Moore logged in the Company's Dropbox account using a "mobile" device located near Kingston, New York. During this session, the Dropbox Activity Log shows he downloaded 12 files or documents.

17. On December 30, 2022, B. Moore again logged in the Company's Dropbox account using a "mobile" device located near Kingston, New York. This time, the Dropbox Activity Log shows he downloaded 13 files or documents during that log-in session.

18. On January 5, 2023, B. Moore logged in the Company's Dropbox account again, but this time, using a "mobile" device located near Buffalo, New York. During this log-in session, he downloaded 4 files or documents.

19. Since Dropbox is an online cloud-based program that can be accessed <u>anywhere</u> through visiting its website, B. Moore seemingly accessed HMNY's Dropbox account while using his <u>personal mobile</u> device and by entering his former HMNY's password credentials.

20. B. Moore's access and use of the Company's Dropbox account in December and in January 2023 was unauthorized by the Company, which is why the Company quickly deactivated B. Moore's username upon learning of his conduct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 7, 2023.

                                                  *Steven Miller*
                                           STEVE MILLER