UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HARLEY MARINE NY, INC.

                Plaintiff,

     - against –

BRIAN MOORE, CARVER COMPANIES PAYROLL, LLC,
COEYMANS MARINE TOWING, LLC d/b/a CARVER
TOWING,

                Defendants.

Civil Action No.
1:23-CV-163 (ANM/CFH)

## ANSWER TO AMENDED COMPLAINT

      Defendants, Carver Companies Payroll, LLC ("Payroll") and Coeymans Marine Towing, LLC d/b/a Carver Towing ("Towing") (collectively, "Carver"), submit their Answer to Plaintiff Harley Marine, NY, Inc.'s ("Plaintiff") Amended Complaint and states as follows:

      Unless otherwise specifically admitted herein, Carver generally denies all of Plaintiff's allegations contained in the Amended Complaint.  Each numbered paragraph below corresponds to the same numbered paragraph of the Amended Complaint.

## INTRODUCTION

      1.     The allegations of Paragraph 1 appear to be Plaintiff's effort to summarize its legal theory in this case, such that it does not appear that a response is required.  To the extent a response is deemed required, Carver denies the allegations contained in this Paragraph.

      2.     Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 2, and therefore denies the same.

24987088v1

3.      Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 3, and therefore denies the same.

4.      Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 4, and therefore denies the same.  To the extent Paragraph 4 references a document, but fails to accurately summarize, reiterate, or otherwise quote from said document, Carver denies the same.

5.      With respect to the allegations contained in Paragraph 5 of the Complaint, Carver admits that Joseph Stevenson, Leonard Baldassare, and Dylan Galm are current or former employees of Payroll, but denies the remaining allegations contained in this Paragraph.

6.      With respect to Paragraph 6, Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 6, and therefore denies the same.

7.      Carver admits that defendant Moore is currently employed by Payroll, and denies all remaining allegations contained in Paragraph 7.

8.      The allegations of Paragraph 8 appear to reflect a summary of the contents of Plaintiff's Amended Complaint, and thus do not require a response.  To the extent a response is deemed required, Carver denies the allegations contained in this Paragraph.

## **PARTIES**

9.      Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 9, and therefore denies the same.

10.      Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 10, and therefore denies the same.

11.     Carver admits that it is a New York limited liability company, but denies the remaining allegations contained in Paragraph 11.

12.     Carver admits the allegations of Paragraph 12.

## JURISDICTION AND VENUE

13.     The allegations of Paragraph 13 constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Carver denies the allegations contained in this Paragraph.

14.     The allegations of Paragraph 14 constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Carver denies the allegations contained in this Paragraph.

15.     The allegations of Paragraph 15 constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Carver denies the allegations contained in this Paragraph.

16.     The allegations of Paragraph 16 constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Carver denies the allegations contained in this Paragraph.

## FACTUAL ALLEGATIONS

17.     Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 17, and therefore denies the same.

18.      Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 18, and therefore denies the same.

### THE CONFIDENTIALITY AGREEMENT

19.      Carver is without knowledge or information to admit or deny the allegations of Paragraph 19, and therefore denies the same.

20.      Carver is without knowledge or information to admit or deny the allegations of Paragraph 20, and therefore denies the same.  To the extent the Complaint inaccurately quotes from, or otherwise reiterates, the contents of one or more documents, Carver denies the same.

21.      Carver is without knowledge or information to admit or deny the allegations of Paragraph 21, and therefore denies the same.  To the extent the Complaint inaccurately quotes from, or otherwise reiterates, the contents of one or more documents, Carver denies the same.

22.      Carver is without knowledge or information to admit or deny the allegations of Paragraph 22, and therefore denies the same.  To the  extent the Complaint inaccurately quotes from, or otherwise reiterates, the contents of one or more documents, Carver denies the same.

### B. MOORE SUDDENLY LEAVES HMNY

23.      Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 23, and therefore denies the same.

24.      Carver is without sufficient knowledge or information to admit or deny the allegations of Paragraph 24, and therefore denies the same.

4

25.     With respect to the allegations of Paragraph 25, Carver admits that defendant Moore was hired by Payroll in the position of "general manager," but denies remaining allegations contained in this Paragraph.

26.     Carver is without knowledge or information to admit or deny the allegations of Paragraph 26, and therefore denies the same.

## B. MOORE'S RECRUITMENT AND SOLICITATION OF HMNY'S EMPLOYEES

27.     Carver is without knowledge or information to admit or deny the allegations of Paragraph 27, and therefore denies the same.

28.     Carver is without knowledge or information to admit or deny the allegations of Paragraph 28, and therefore denies the same.

29.     Carver is without knowledge or information to admit or deny the allegations of Paragraph 29, and therefore denies the same.

30.     Carver is without knowledge or information to admit or deny the allegations of Paragraph 30, and therefore denies the same.

31.     Carver is without knowledge or information to admit or deny the allegations of Paragraph 31, and therefore denies the same.

32.     Carver is without knowledge or information to admit or deny the allegations of Paragraph 32, and therefore denies the same.

33.     Carver is without knowledge or information to admit or deny the allegations of Paragraph 33, and therefore denies the same.

34.    Carver is without knowledge or information to admit or deny the allegations of Paragraph 34, and therefore denies the same.

35.    Carver is without knowledge or information to admit or deny the allegations of Paragraph 35, and therefore denies the same.

**B. MOORE'S THEFT OF HMNY'S CONFIDENTIAL INFORMATION**

36.    Carver is without knowledge or information to admit or deny the allegations of Paragraph 36, and therefore denies the same.

37.    Carver is without knowledge or information to admit or deny the allegations of Paragraph 37, and therefore denies the same.

38.    With respect to the allegations of Paragraph 38, Carver admits that defendant Moore became employed by Payroll, but denies all remaining allegations contained in this Paragraph.

39.    With respect to the allegations of Paragraph 39, Carver denies that the categories of information referenced therein are "confidential" or otherwise not accessible in the public realm, and is without sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and therefore denies the same.

40.    With respect to the allegations of Paragraph 40, Carver denies that the categories of information referenced therein contain "particularly sensitive, highly confidential and proprietary information," and is without sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and therefore denies the same.

24987088v1

41.     With respect to the allegations of Paragraph 41, Carver denies that the categories of information referenced therein are "not publicly available… and considered highly confidential," and is without sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and therefore denies the same.

42.     Carver denies the allegation and or implication that defendant Moore engaged in any unlawful or improper activity in furtherance of or in connection with his employment with Payroll, or for the benefit of Carver, and otherwise lacks knowledge or information concerning defendant Moore's actions to admit or deny the remaining allegations of Paragraph 42, and therefore deny the same.

43.     Carver is without knowledge or information to admit or deny the allegations of Paragraph 45, and therefore denies the same.

44.     Carver admits that on or about January 2023, it received correspondence from counsel to the Plaintiff, but Carver denies all remaining allegations contained in Paragraph 44.

45.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 45, and therefore denies the same.

46.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 46, and therefore denies the same.

47.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 47, and therefore denies the same.

24987088v1

## COUNT I

48.     In response to the allegations of Paragraph 48, Carver repeats and realleges each and every response to Paragraphs 1 through 47, as though fully set forth herein.

49.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 49, and therefore denies the same.

50.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 50, and therefore denies the same.

51.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 51, and therefore denies the same.

52.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 52, and therefore denies the same.

53.     Pursuant to the February 9, 2024 Decision and Order of this Court, the allegations of Paragraph 53 are no longer relevant to any viable claim in this litigation, and is therefore not worthy of a response.  To the extent a response is deemed necessary, Carver lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 53, and therefore denies the same.

54.     Pursuant to the February 9, 2024 Decision and Order of this Court, the allegations of Paragraph 54 are no longer relevant to any viable claim in this litigation, and is therefore not worthy of a response.  To the extent a response is deemed necessary, Carver lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 54, and therefore denies the same.

24987088v1

55.     Pursuant to the February 9, 2024 Decision and Order of this Court, the allegations of Paragraph 55 are no longer relevant to any viable claim in this litigation, and is therefore not worthy of a response.  To the extent a response is deemed necessary, Carver lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 55, and therefore denies the same.

56.     Pursuant to the February 9, 2024 Decision and Order of this Court, the allegations of Paragraph 56 are no longer relevant to any viable claim in this litigation, and is therefore not worthy of a response.  To the extent a response is deemed necessary, Carver lacks sufficient knowledge or information to admit or deny the allegations of Paragraph 56, and therefore denies the same.

57.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 57, and therefore denies the same.

58.     The allegations of Paragraph 58 constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Carver denies knowledge or information sufficient to admit or deny the allegations contained in Paragraph, and therefore denies the same.

59.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 59, and therefore denies the same.

60.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 60, and therefore denies the same.

24987088v1

61.     Paragraph 61 is a legal conclusion to which no response is required.  To the extent a response is required, Carver lacks knowledge or information sufficient to form a belief with respect to the allegations contained in this Paragraph, and therefore denies the same.

## COUNT II

62.     In response to the allegations of Paragraph 62, Carver repeats and realleges each and every response to Paragraphs 1 through 61, as though fully set forth herein.

63.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 63, and therefore denies the same.

64.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 64, and therefore denies the same.

65.     With respect to the allegations set forth in Paragraph 65, Carver denies that the categories of information referenced therein are "not publicly available" and is without sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and therefore denies the same.

66.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 66, and therefore denies the same.

67.     Carver denies the allegations of Paragraph 67.

68.     With respect to the allegations of Paragraph 68, Carver denies that the categories of information identified by the Plaintiff constitute "proprietary and confidential information," and is without sufficient knowledge or information to admit or deny the remaining allegations of this Paragraph, and therefore denies the same.

24987088v1

69.     Carver denies the allegations of Paragraph 69.

70.     The allegations of Paragraph 70 constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Carver denies the allegations contained in this Paragraph.

## COUNT III

71.     With respect to the allegations of Paragraph 71, Carver repeats and realleges each and every response to Paragraphs 1 through 70, as though fully set forth herein.

72.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 72, and therefore denies the same.

73.     With respect to 73, Carver admits that defendant Moore was employed by Payroll as general manager, but denies the remaining allegations contained in this Paragraph.

74.     With respect to the allegations of Paragraph 74, Carver denies that the categories of information identified by the Plaintiff are "not publicly available," and lacks knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and therefore denies the same.

75.     Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 75, and therefore denies the same.

76.     With respect to the allegations of fourth in Paragraph 76, Carver denies that defendant Moore engaged in the alleged conduct for the benefit (directly or indirectly) of Carver, and lacks sufficient knowledge or information to admit or deny the remaining allegations contained in this Paragraph, and therefore denies the same.

24987088v1

77.     With respect to the allegations of Paragraph 77, Carver admits that defendant Moore is employed by Payroll as general manager, but denies remaining allegations contained in this Paragraph.

78.     Carver denies the allegations of Paragraph 78.

79.     Carver denies the allegations of Paragraph 79.

80.     Carver denies the allegations of Paragraph 80.

## **COUNT IV**

81.     Pursuant to this Court's February 9, 2024 Decision and Order, Count IV (improperly labeled as "VI" in the Amended Complaint) of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 81.

82.     Pursuant to this Court's February 9, 2024 Decision and Order, Count IV (improperly labeled as "VI" in the Amended Complaint)  of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 82.

83.     Pursuant to this Court's February 9, 2024 Decision and Order, Count IV (improperly labeled as "VI" in the Amended Complaint) of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 83.

84.     Pursuant to this Court's February 9, 2024 Decision and Order, Count IV (improperly labeled as "VI" in the Amended Complaint) of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 84.

85.     Pursuant to this Court's February 9, 2024 Decision and Order, Count IV (improperly labeled as "VI" in the Amended Complaint) of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 85.

86.     Pursuant to this Court's February 9, 2024 Decision and Order, Count IV (improperly labeled as "VI" in the Amended Complaint) of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 86.

87.     Pursuant to this Court's February 9, 2024 Decision and Order, Count IV (improperly labeled as "VI" in the Amended Complaint) of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 87.

## <u>COUNT V</u>

88.     Pursuant to this Court's February 9, 2024 Decision and Order, Count V of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 88.

89.     Pursuant to this Court's February 9, 2024 Decision and Order, Count V of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 89.

90.     Pursuant to this Court's February 9, 2024 Decision and Order, Count V of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 90

91.     Pursuant to this Court's February 9, 2024 Decision and Order, Count V of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 91.

92.     Pursuant to this Court's February 9, 2024 Decision and Order, Count V of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 92.

93.     Pursuant to this Court's February 9, 2024 Decision and Order, Count V of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 93.

94.     Pursuant to this Court's February 9, 2024 Decision and Order, Count V of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 94.

## **COUNT VI**

95.     Pursuant to this Court's February 9, 2024 Decision and Order, Count VI of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 95.

96.     Pursuant to this Court's February 9, 2024 Decision and Order, Count VI of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 96.

24987088v1

97.     Pursuant to this Court's February 9, 2024 Decision and Order, Count VI of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 97.

98.     Pursuant to this Court's February 9, 2024 Decision and Order, Count VI of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 98.

99.     Pursuant to this Court's February 9, 2024 Decision and Order, Count VI of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 99.

100.    Pursuant to this Court's February 9, 2024 Decision and Order, Count VI of Plaintiff's Amended Complaint has been dismissed.  Accordingly, no response is required to the allegations of Paragraph 100.

## <u>COUNT VII</u>

101.    In response to the allegations of Paragraph 101, Carver repeats and realleges each and every response to Paragraphs 1 through 100, as though fully set forth herein.

102.    Carver lacks knowledge or information sufficient to form a belief with respect to the allegations of Paragraph 102, and therefore denies the same.

103.    The allegations of Paragraph 103 constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Carver lacks knowledge or information to form a belief as to the truth of the remaining allegations of this Paragraph, and therefore denies the same.

104.     The allegations of Paragraph 104 constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Carver lacks knowledge or information to form a belief as to the truth of the remaining allegations of this Paragraph, and therefore denies the same.

105.     With respect to 105, Carver denies that Plaintiff has been damaged by the alleged actions set forth therein, and is without sufficient knowledge or information to admit or deny the remaining allegations of this Paragraph, and therefore denies the same.

106.     The allegations of Paragraph 106 constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Carver denies that Plaintiff has suffered damages and or irreparable injury, or is otherwise without a remedy at law.

<u>**COUNT VIII**</u>

107.     In response to allegations of Paragraph 107, Carver repeats and realleges each and every response to Paragraphs 1 through 106, as though fully set forth herein.

108.     Carver admits that defendant Moore continues to be employed by Payroll, but denies all remaining allegations of Paragraph 108.

109.     Carver denies the allegations of Paragraph 109.

110.     Carver denies the allegations of Paragraph 110.

111.     Carver denies the allegations of Paragraph 111.

112.     Carver denies each and every allegation contained in the Amended Complaint that is not otherwise addressed herein.

16

113.    In response to Plaintiff's **WHEREFORE (Prayer for Relief)** clause, Carver denies that Plaintiff is entitled to any relief whatsoever.

### AS AND FOR A FIRST DEFENSE

114.    The Amended Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

115.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

### AS AND FOR A THIRD DEFENSE

116.    Without conceding that Plaintiff has suffered any damages as a result of any purportedly wrongful act of Carver, Plaintiff has failed to mitigate its damages.

### AS AND FOR A FOURTH DEFENSE

117.    Any harm which came, or may come to Plaintiff, was the direct and proximate result of Plaintiff's own actions.

### AS AND FOR A FIFTH DEFENSE

118.    Plaintiff's claims are barred, in whole or in part, by reason of the after-acquired evidence doctrine.

### AS AND FOR A SIXTH DEFENSE

119.    To the extent Plaintiff has suffered injury, which Carver expressly denies, subject to proof through discovery, any such injury is the result of acts or omissions of Plaintiff and not any act or omission of Carver.

24987088v1

## AS AND FOR A SEVENTH DEFENSE

120.    Plaintiff's claims are barred, in whole or in part, because the subject data does not constitute trade secrets.

## AS AND FOR AN EIGHTH DEFENSE

121.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take reasonable measures to keep the subject data or information secured.

## AS AND FOR A NINTH DEFENSE

122.    Plaintiff's claims are barred, in whole or in part, because the subject information derives no independent economic value.

## AS AND FOR A TENTH DEFENSE

123.    Plaintiff's claims are barred, in whole or in part, because the subject data is generally known to the public.

## AS AND FOR AN ELEVETH DEFENSE

124.    Plaintiff's claims are barred, in whole or in part, because that subject data is readily ascertainable through proper means.

## AS AND FOR A TWELVTH DEFENSE

125.    Plaintiff's claims are barred, in whole or in part, because Carver has neither possessed nor used the subject data.

## AS AND FOR A THIRTEENTH DEFENSE

126.    Plaintiff's claims are barred, in whole or in part, because the subject data is not confidential.

24987088v1

## AS AND FOR A FOURTEENTH DEFENSE

127.    Plaintiff's claims are barred, in whole or in part, because the subject data is not proprietary.

## AS AND FOR A FIFTEENTH DEFENSE

128.    Plaintiff's claims are barred, in whole or in part, because Carver did not cause any alleged misappropriation.

## AS AND FOR A SIXTEENTH DEFENSE

129.    At all times, Carver acted in good faith.

130.    Carver reserves the right to amend its Answer and add additional defenses as discovery may warrant.

**WHEREFORE**, Defendants, Carver Companies Payroll, LLC and Coeymans Marine Towing, LLC, respectfully request that this Court enter an order dismissing the Amended Complaint herein, with prejudice, and with an award of all appropriate fees and costs to Defendants, including legal fees, together with such other and further relief as to the Court may seem just and reasonable.

Dated:    Albany, New York
            March 8, 2024

                                        **HODGSON RUSS LLP**
                                        *Attorneys Defendants Carver Companies,*
                                        *Payroll, LLC and Coeymans Marine*
                                        *Towing, LLC*

                                        By: _____
                                            Glen P. Doherty, Esq.
                                            Scott C. Paton, Esq.
                                            667 Broadway, Suite 401
                                            Albany, New York 12207
                                            (518) 465-2333

24987088v1

**TO:**    Jeffrey A. Kimmel, Esq.
Akerman LLP
*Attorneys for Plaintiff*
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
(212) 880-3800

Thomas A. Capezza, Esq.
Capezza Hill
*Attorneys for Defendant Brian Moore*
30 South Pearl Street, Suite P-110
Albany, New York 12207
(518) 478-6065

24987088v1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on March 8, 2024, I electronically filed and served the foregoing Answer of Defendants, Carver Companies Payroll, LLC ("Payroll") and Coeymans Marine Towing, LLC d/b/a Carver Towing ("Towing"), with the Clerk of the United States District Court using the CM/ECF system, which, upon information and belief, sent electronic notification of same to the following attorneys of record:

Jeffrey A. Kimmel, Esq.
Akerman LLP
*Attorneys for Plaintiff*
1251 Avenue of the Americas, 37th Floor
New York, New York 10020

Thomas A. Capezza, Esq.
Capezza Hill
*Attorneys for Defendant Brian Moore*
30 South Pearl Street, Suite P-110
Albany, New York 12207

**HODGSON RUSS LLP**
*Attorneys Defendants Carver Companies
Payroll, LLC and Coeymans Marine
Towing, LLC*

By: _____
Scott C. Paton, Esq.
667 Broadway, Suite 401
Albany, New York 12207
(518) 465-2333

24987088v1