UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HARLEY MARINE NY, INC.,

        Plaintiff,

v.

BRIAN MOORE, CARVER
COMPANIES PAYROLL, LLC,
COEYMANS MARINE TOWING, LLC,
d/b/a CARVER TOWING,

        Defendants.

**DEFENDANT BRIAN MOORE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

1:23-cv-00163 (AMN/CFH)

---

**JURY TRIAL DEMANDED**

Defendant Brian Moore ("B. Moore" or "Defendant") hereby alleges the following as and for his answer to Plaintiff's Amended Complaint:

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, denies all allegations.

2. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 2.

3. Admits that B. Moore B. Moore was formerly employed with HMNY in its Bayonne, New Jersey office as the Company's Director of U.S. East Coast Operations and deny all other allegations.

4. The Confidentiality Agreement speaks for itself. To the extent a further response is required, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4.

5. Denies the allegations in Paragraph 5.

6. Denies the allegations in Paragraph 6.

7. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 7 and denies all allegations of wrongdoing.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, denies all allegations.

9. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 9.

10. Admits the allegations in Paragraph 10.

11. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 11.

12. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 12.

13. Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, denies all allegations.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, denies all allegations.

15. Paragraph 15 states a legal conclusion to which no response is required. To the extent a response is required, denies all allegations.

16. Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, denies all allegations.

17. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 17.

18. Admits the allegations in Paragraph 18.

19. The Confidentiality Agreement speaks for itself. To the extent a further response is required, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph 19.

20. The Confidentiality Agreement speaks for itself. To the extent a further response is required, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20.

21. The Confidentiality Agreement speaks for itself. To the extent a further response is required, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21.

22. The Confidentiality Agreement speaks for itself. To the extent a further response is required, Defendant lacks sufficient knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22.

23. Admits that B. Moore's salary had increased in the summer of 2020. Admits all other allegations in Paragraph 23.

24. Denies the allegations in Paragraph 24.

25. Admits that Defendant's last day of work was November 30, 2022. Denies knowledge or information sufficient to form an opinion as to the truth of the remaining allegations asserted in Paragraph 25.

26. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 26.

27. Denies the allegations in Paragraph 27.

28. Admits that Mr. Stevenson was initially hired to work as a Warehouse Operations Assistant and was later promoted to Deckhand. Denies that the two worked closely together. Denies knowledge or information sufficient to form an opinion as to the truth of the remaining allegations asserted in Paragraph 28.

29. Admits the allegations in Paragraph 29.

30. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 30.

31. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 31 and denies all allegations of wrongdoing.

32. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 32 and denies all allegations of wrongdoing.

33. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 33 and denies all allegations of wrongdoing.

34. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 34.

35. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 35.

36. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 36 and denies all allegations of wrongdoing.

37. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 37.

38. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 38 and denies all allegations of wrongdoing.

39. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 39 and denies all allegations of wrongdoing.

40. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 40 and denies all allegations of wrongdoing.

41. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 41 and denies all allegations of wrongdoing.

42. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 42 and denies all allegations of wrongdoing.

43. Admits that all employees used a personal cell phone at HMNY. Denies all other allegations.

44. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 44 and denies all allegations of wrongdoing.

45. The January 2023 email speaks for itself. Denies all other allegations in Paragraph 45.

46. Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 46 and denies all allegations of wrongdoing.

47. The January 2023 email speaks for itself. Denies all other allegations in Paragraph 47.

48. Defendant hereby restates the answers set forth in Paragraphs 1 through 47 above.

49. Paragraph 49 states a legal conclusion to which no response is required.

50. Paragraph 50 states a legal conclusion to which no response is required. To the extent a response is required, denies all allegations of wrongdoing.

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is required, denies all allegations of wrongdoing.

52. Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is required, denies all allegations of wrongdoing.

53. The Confidentiality Agreement speaks for itself. To the extent a further response is required, denies all allegations of wrongdoing.

54. Denies the allegations in Paragraph 54.

55. Denies knowledge or information sufficient to form an opinion as to the truth of the

matter asserted in Paragraph 55 and denies all allegations of wrongdoing.

56.     Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, denies all allegations of wrongdoing.

57.     Denies knowledge or information sufficient to form an opinion as to the truth of the matter asserted in Paragraph 57.

58.     The Confidentiality Agreement speaks for itself. To the extent a further response is required, denies all allegations of wrongdoing.

59.     Denies the allegations in Paragraph 59.

60.     Denies the allegations in Paragraph 60.

61.     Paragraph 61 states a legal conclusion to which no response is required. To the extent a response is required, denies all allegations.

62.     Defendant restates the answers set forth in Paragraphs 1 through 61 above.

63.     Denies the allegations in Paragraph 63.

64.     Denies the allegations in Paragraph 64.

65.     Denies the allegations in Paragraph 65.

66.     Denies the allegations in Paragraph 66.

67.     Denies the allegations in Paragraph 67.

68.     Denies the allegations in Paragraph 68.

69.     Denies the allegations in Paragraph 69.

70.     Denies the allegations in Paragraph 70.

71.     Defendant restates the answers set forth in Paragraphs 1 through 70 above.

72.     Denies the allegations in Paragraph 72.

73.     Denies the allegations in Paragraph 73.

74.     Denies the allegations in Paragraph 74.

75. Denies the allegations in Paragraph 75.

76. Denies the allegations in Paragraph 76.

77. Denies the allegations in Paragraph 77.

78. Denies the allegations in Paragraph 78.

79. Denies the allegations in Paragraph 79.

80. Denies the allegations in Paragraph 80.

81. Defendant hereby restates the answers set forth in Paragraphs 1 through 80 above.

82. Paragraph 82 states a legal conclusion to which no response is required. To the extent a response is required, states that the Confidentiality Agreement speaks for itself.

83. Denies the allegations in Paragraph 83.

84. Denies the allegations in Paragraph 84.

85. Denies the allegations in Paragraph 85.

86. Denies the allegations in Paragraph 86.

87. Denies the allegations in Paragraph 87.

88. Defendant hereby restates the answers set forth in Paragraphs 1 through 87 above.

89. Paragraph 89 states a legal conclusion to which no response is required. To the extent a response is required, states that the Confidentiality Agreement speaks for itself.

90. Paragraph 90 states a legal conclusion to which no response is required. To the extent a response is required, states that the Confidentiality Agreement speaks for itself.

91. Denies the allegations in Paragraph 91.

92. Paragraph 92 states a legal conclusion to which no response is required. To the extent a response is required, denies all allegations.

93. Denies the allegations in Paragraph 93.

94. Paragraph 94 states a legal conclusion to which no response is required. To the

extent a response is required, denies all allegations.

95. Defendant hereby restates the answers set forth in Paragraphs 1 through 94 above.

96. The Confidentiality Agreement speaks for itself. To the extent a further response is required, denies all allegations of wrongdoing.

97. Denies the allegations in Paragraph 97.

98. Denies the allegations in Paragraph 98.

99. Denies the allegations in Paragraph 99.

100. Denies the allegations in Paragraph 100.

101. Defendant hereby restates the answers set forth in Paragraphs 1 through 100 above.

102. The Confidentiality Agreement speaks for itself.

103. Denies the allegations in Paragraph 103.

104. Denies the allegations in Paragraph 104.

105. Denies the allegations in Paragraph 105.

106. Denies the allegations in Paragraph 106.

107. Defendant hereby restates the answers set forth in Paragraphs 1 through 106 above.

108. Denies the allegations in Paragraph 108.

109. Denies the allegations in Paragraph 109.

110. Denies the allegations in Paragraph 110.

111. Denies the allegations in Paragraph 111.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief sought.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted by this Court.

2. Plaintiff did not file this lawsuit within the applicable statute of limitations.

3. Plaintiffs' claim is barred, in whole or in part, based on the doctrine of unclean hands, estoppel, and waiver.

4. The amount of damages, if any, recoverable by Plaintiff must be diminished in the proportion that Plaintiff's culpable conduct bears to the culpable conduct which allegedly caused their claimed damages.

5. Plaintiff's alleged injuries and/or damages, if any, were proximately caused by their own actions and/or inactions, negligence, and/or assumption of the risk, and, therefore, recovery of any such damages from Plaintiff is barred or diminished.

6. Plaintiff failed to mitigate any damages allegedly suffered.

7. The Confidentiality Agreement referenced in the Amended Complaint lacked consideration.

8. The Confidentiality Agreement referenced in the Amended Complaint was unconscionable.

9. The Confidentiality Agreement referenced in the Amended Complaint was illegal and/or violated public policy.

10. The Confidentiality Agreement referenced in the Amended Complaint was terminated by one or both parties.

11. The performance of the Confidentiality Agreement referenced in the Amended Complaint became impossible.

12. The Confidentiality Agreement referenced in the Amended Complaint was rendered void due to frustration of purposes.

13. Defendant did not receive any benefit of the bargain of the Confidentiality Agreement referenced in the Amended Complaint.

14. There was no breach of the Confidentiality Agreement referenced in the Amended Complaint.

15. If there was such a breach of the Confidentiality Agreement referenced in the Amended Complaint, Plaintiff was not harmed.

16. There was no "meeting of the minds" or there was a mutual mistake, with respect to the Confidentiality Agreement referenced in the Amended Complaint.

17. Plaintiff did not make a reasonable effort to keep the information alleged to have been misappropriated secret.

18. The information alleged to have been misappropriated was public.

19. The information alleged to have been misappropriated was available through reverse engineering.

20. The information alleged to have been misappropriated was available through independent development.

21. Other patent and copyright laws preempt the trade secret claim.

22. Plaintiff did not lose any profits or experience unjust enrichment.

23. Defendant's decisions were not unfair within the meaning of the law.

24. Defendant fully complied with the law in all decisions made.

25. Members of the public were not likely to be deceived by Defendant's alleged conduct.

26. Defendant did not interfere with any economic relationships between Plaintiff and

any other parties.

27. Plaintiff's claims are barred, in whole or in part, by reason of the after-acquired evidence doctrine.

28. Plaintiff's claims are barred, in whole or in part, because the subject data does not constitute trade secrets.

29. Plaintiff's claims are barred, in whole or in part, because the subject information derives no independent economic value.

30. Plaintiff's claims are barred, in whole or in part, because Defendant has neither possessed nor used the subject data.

31. Plaintiff's claims are barred, in whole or in part, because the subject data is not confidential.

32. Plaintiff's claims are barred, in whole or in part, because the subject data is not proprietary.

33. Plaintiff's claims are barred, in whole or in part, because Defendant did not cause any alleged misappropriation.

34. At all times, Defendant acted in good faith.

35. Answering defendant is entitled to a set-off if any tortfeasor has or will settle with plaintiff pursuant to General Obligations Law 15-108.

36. Defendant reserves the right to amend his Answer and add additional defenses as discovery may warrant.

**WHEREFORE**, Defendants pray and demand for a judgment as follows:

(a) Dismissing the Complaint in its entirety, with costs;

(b) Attorney's fees and expenses, as well as costs of the proceeding and disbursements; and

(c) Such other relief as may seem just and equitable to the Court.

Dated: March 8, 2024
      Albany, New York

                                     **CAPEZZA HILL, LLP**

                                     _____
                                     Thomas Capezza, Esq.
                                     *Attorneys for Defendant Brian Moore*
                                     30 South Pearl Street, P-110
                                     Albany, NY 12207
                                     518-478-6065
                                     tom@capezzahill.com